UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUKHJIT SINGH MINHAS, *et al.*,

    Plaintiffs,

    v.

GREGORY W. CHRISTIAN, *et al.*,

    Defendants.

Case No. C07-0339RSL

ORDER GRANTING MOTION TO SEVER AND SEVERING CASES

## I. INTRODUCTION

This matter comes before the Court on defendants' motion to sever plaintiffs' claims (Dkt. #17). Plaintiffs are not related or married to each other. They are natives and citizens of India who were granted asylum in the United States over seven years ago. Their applications for adjustment of status have been pending for approximately six years. Plaintiffs have been informed that the processing of their applications has been delayed pending the completion of "security checks." Plaintiffs allege that the delays violate the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.* and they seek a writ of mandamus compelling defendants to adjudicate their applications as soon as possible.

ORDER GRANTING MOTION TO
SEVER AND SEVERING CASES - 1

## II.  DISCUSSION

Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in a single action if they assert any right to relief (1) "arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "if any question of law or fact common to all these persons will arise in the action."  Plaintiffs argue that their claims meet the standard because they are both asylees who filed their adjustment applications approximately one month apart, their applications have been pending far longer than the typical processing time, and the only known reason for the delay is the pending background checks.  While these factors *may* show that plaintiffs' claims share common questions of law or fact, they do not show that the claims arise out of the same transaction, occurrence, or series of the same.  Plaintiffs have failed to identify any common transactions or occurrences.  The Ninth Circuit has explained that "the mere allegation of general delay is not enough to create a common transaction or occurrence." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (affirming grant of motion to sever claims of plaintiffs related to delays in processing their immigration documents).

Plaintiffs argue that their claims are distinguishable from those in Coughlin because they are not seeking a *de novo* review of their applications.  Rather, they seek an order compelling review by defendants.  However, regardless of whether plaintiffs seek adjudication of their claims or mandamus, the Court will not compel defendants to act based solely on the delays.  Instead, the Court must consider the facts of each plaintiff's case on an individualized basis.  See, e.g., Shamdeen v. Gonzales, Case No. 07-164MJP (W.D. Wash. April 23, 2007) (granting motion to sever immigration claims based in part on the individual nature of the claims).  Defendants' handling of each case is unique and

ORDER GRANTING MOTION TO
SEVER AND SEVERING CASES - 2

1  dependant on the specific facts of each individual application. As in <u>Coughlin</u>, "there
2  may be numerous reasons for the alleged delay." 130 F.3d at 1350 (explaining that Rule
3  20's requirements were not met because each claim would require "individualized
4  attention" from the court to resolve plaintiffs' discrete claims).

5  Also, plaintiffs do not allege that their claims arise out of a "systemic pattern of
6  events" or a common policy of delay for all applications. <u>Coughlin</u>, 130 F.3d at 1350-51.
7  In fact, plaintiffs' claims are based in part on the fact that the delays in their case are
8  unusual. Accordingly, plaintiffs' claims are not sufficiently related to constitute a
9  common transaction or occurrence. Nor would adjudicating their claims together
10 promote judicial economy, reduce delay, or reduce expenses. The Court therefore finds
11 that plaintiffs have been misjoined.

12 If joined plaintiffs fail to meet the requirements of Rule 20, a court may sever
13 them, "as long as no substantial right will be prejudiced by the severance." <u>Coughlin</u>,
14 130 F.3d at 1351. Plaintiffs have not identified any rights that will be prejudiced by
15 severance. The Court recognizes that it may be easier for plaintiffs' counsel to adjudicate
16 these cases together and cheaper for plaintiffs to pay a single filing fee. Those factors,
17 however, do not show prejudice. Rule 21 provides that "misjoinder of parties is not
18 grounds for dismissal of an action" and that "any claim against a party may be severed
19 and proceeded with separately." Plaintiffs request that if defendants' motion is granted,
20 one of their claims be assigned a new case number and allowed to proceed independently
21 without the need for re-filing. Defendants have not objected to that request.

22 Accordingly, the Court ORDERS that case number C07-339 will proceed only as
23 to the claims of Sukhjit Singh Minhas, the first named plaintiff in the complaint. The
24 claims of Nirmal Singh are hereby severed from case number C07-339. The Clerk of the

25

26 ORDER GRANTING MOTION TO
   SEVER AND SEVERING CASES - 3

1  Court is directed to assign a new case number for the claims of Nirmal Singh, file a copy
2  of the complaint and this order in the new case, and assign that case to this Court.  Unless
3  the Court subsequently orders otherwise, it will not be necessary for plaintiffs to refile or
4  re-serve the complaint.  In subsequent filings, the caption should include only the plaintiff
5  in that particular case.  Under the circumstances, the Court will waive the filing fee for
6  Mr. Singh's severed claims.  See, e.g., Reid v. Gen. Motors Corp., 240 F.R.D. 260, 264
7  (E.D. Tex. 2007) (waiving filing fee for separate case opened pursuant to severance
8  order).  Plaintiffs' counsel is advised that the Court is making this exception to the filing
9  fee requirement for these cases only and may not do so in the future.  All pending
10 deadlines, including the deadline to file a joint status report, shall apply in both cases.

### III.  CONCLUSION

12       Accordingly, the Court GRANTS defendants' motion (Dkt. #17) and severs
13 plaintiffs' claims as set forth above.

15       DATED this 23rd day of July, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
SEVER AND SEVERING CASES - 4