HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIRMAL SINGH,

    Plaintiff,

    v.

F. GERARD HEINAUER, et al.,

    Defendants.

CASE NO. C07-1151RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on cross-motions for summary judgment (Dkt. ## 33, 34). Neither party has requested oral argument. For the reasons stated below, the court DENIES Mr. Singh's motion (Dkt. # 33), and GRANTS Defendants' motion (Dkt. # 34) in part and DENIES it in part.

## II. BACKGROUND

Plaintiff Nirmal Singh is a native of India who has resided lawfully in the United States since at least 1999, when he was granted asylum. In February 2001, he filed an I-485 application to adjust his immigration status to "lawful permanent resident."

For reasons that the court will soon discuss in detail, United States Citizenship and Immigration Services ("USCIS")[1] took no action on his application for many years. In

---

[1] When Mr. Singh filed his I-485 application, USCIS was still known as Immigration and Naturalization Services ("INS") and was an agency of the Department of Justice.

ORDER – 1

July 2007, Mr. Singh filed this suit to compel adjudication of his application. In October 2007, USCIS issued a notice of its intent to deny Mr. Singh's application based on his alleged provision of aid to an Indian group known as Damdami Taksal. According to the notice, USCIS deemed Damdami Taksal to be a terrorist organization. On February 20, 2008, with cross-motions for summary judgment pending, USCIS denied Mr. Singh's application because of his involvement with Damdami Taksal. Mr. Singh agreed that USCIS's actions mooted his request to compel an adjudication of his application, but he sought leave to amend his pleadings to add a claim challenging the denial of his application. The court granted leave on May 21, 2008. Mr. Singh filed an amended complaint naming Mr. Heinauer, USCIS Director Emilio Gonzales, and Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"), as Defendants.

On April 29, 2008, USCIS unilaterally reopened Mr. Singh's adjustment application in response to a March 26, 2008 top-level memorandum directing the reopening of all immigrant petitions that USCIS had denied based on providing material aid to terrorist organizations. Dkt. # 34, Ex. A (Mar. 26, 2008 memo). The memo explained that recent statutory changes expanded USCIS's discretion to grant relief in cases where an immigrant applicant had involvement with certain terrorist organizations. The memo directed USCIS adjudicators to withhold decisions on any applications that might benefit from the statutory changes, and to reopen any applications adjudicated after December 2007. All such applications were to be placed on hold pending further guidance from the DHS Secretary regarding policy changes in light of the statutory changes. Mr. Singh's application is "on hold" in accordance with the March 2008 memo. Supp. Heinauer Decl. (Dkt. # 35) ¶ 6.

There is no evidence that USCIS has decided whether to implement policy changes that might benefit Mr. Singh. There is no evidence that USCIS or DHS has implemented any policy changes as promised in the March 2008 memo. There is no evidence regarding when USCIS will make a decision on any policy changes. Indeed, the

ORDER – 2

only evidence regarding the status of the policy changes comes from Mr. Heinauer, who states only that decisions "are being made at the highest level of DHS after careful consideration of all relevant factors . . . ." Supp. Heinauer Decl. ¶ 7. No one with personal knowledge has provided any information regarding the status of the forthcoming DHS policy changes. Mr. Singh's application for adjustment of status remains reopened and on hold. In the interim, he remains subject to travel limitations, work authorization requirements, and other regulations that do not apply to lawful permanent residents. Supp. Heinauer Decl. ¶ 8.

Before the court are two motions for summary judgment. Mr. Singh asks the court to compel Defendants to immediately adjudicate his application. Defendants ask the court to dismiss his complaint for lack of subject matter jurisdiction, or, alternatively, to decline to compel adjudication of his application.

### III. ANALYSIS

The court has addressed motions to compel adjudication of immigrant adjustment of status applications in several prior orders. First, in *Amirparviz v. Mukasey*, No. C07-1325RAJ, 2008 U.S. Dist. LEXIS 7964 (W.D. Wash. Feb. 4, 2008), the court rejected the government's contention that the court lacks subject matter jurisdiction in actions to compel adjudication of adjustment of status applications. The court has reiterated that holding in several decisions. *E.g.*, *Huang v. Mukasey*, No. C07-132RAJ, 2008 U.S. Dist. LEXIS 10659 (W.D. Wash. Feb. 12, 2008), *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253 (W.D. Wash. 2008), *Ali v. Mukasey*, No. C07-1030, 2008 U.S. Dist. LEXIS 18171 (W.D. Wash. Mar. 7, 2008). Although Defendants adhere to their contention that the court lacks subject matter jurisdiction, they concede that they raise no new arguments. The court holds that it has subject matter jurisdiction in this action for all of the reasons stated in *Amirparviz*. 2008 U.S. Dist. LEXIS 7964, at *5-11.

In *Amirparviz* and other cases cited in the previous paragraph, the court concluded that the government's long and inexplicable delay in adjudicating the adjustment of status

ORDER – 3

applications justified an award of mandamus relief. In each of those cases, the government attributed its delay to delays in processing the "name check" portion of the required investigation into the applicant's background. The government failed to offer any individualized evidence explaining why each applicant's name check had been delayed. The government also failed to offer any evidence as to when each applicant could expect adjudication. The court, after considering the six "*TRAC* factors" and other considerations relevant to its discretionary mandamus authority, found that the adjudication delays in those cases were unacceptable and ordered relief. *E.g.*, *Huang*, 2008 U.S. Dist. LEXIS 10659, at *19-20 (three-year delay), *Hong Wang*, 550 F. Supp. 2d at 1254, 1260 (three-year, two-month delay), *Ali*, 2008 U.S. Dist. LEXIS, at *2, *13 (four-year delay).

Mr. Singh has been waiting more than seven years for adjudication of his application, substantially longer than any of the plaintiffs in prior cases the court has considered. Despite that long wait, however, there are important differences in the circumstances surrounding his application. First, much of the USCIS's delay was not merely justified, it was legally mandated. All parties concede that from 2001 to May 2005, USCIS could not adjudicate Mr. Singh's application because of a statutorily-mandated 10,000-per-year cap on the number of asylees who could become lawful permanent residents. Mr. Singh was thus forced to wait while older asylee applications were adjudicated. No one argues that USCIS could have taken action on Mr. Singh's application until Congress lifted the numerical cap in May 2005. It was not until October 2007, almost two and a half years after the cap was lifted, that USCIS notified Mr. Singh of its intent to deny his application.[2] Then, after receiving additional input from Mr.

---

[2] When Congress lifted the numerical cap, Mr. Heinauer's USCIS service center hired additional adjudicators and dramatically increased the number of refugee and asylee adjustment of status applications it adjudicated. Heinauer Decl. (Dkt. # 9) at ¶¶ 5-6. In fiscal year 2007, his service center adjudicated 82,000 refugee and asylee applications. *Id.* ¶ 6. Mr. Singh presents no evidence that his application was processed unusually slowly among these applications.

ORDER – 4

Singh regarding his involvement with Damdami Taksal, USCIS denied his petition in February 2008.

The court need not opine on the reasonableness of USCIS's delay from February 2001 to February 2008 in adjudicating Mr. Singh's application, because that issue is not before the court. Whatever the reasons for the delay, and whatever the reasons for USCIS's denial of the petition, the court has no jurisdiction to review the reasonableness of a past delay, and no jurisdiction to review an adjudication that has subsequently been withdrawn. No party argues otherwise.[3]

Instead, it is undisputed that the sole reason for the *current* delay in adjudicating Mr. Singh's application is that USCIS awaits further input from the DHS Secretary regarding policy changes applicable to immigrants in Mr. Singh's position. The March 2008 memo, the accuracy of which Mr. Singh does not challenge, directs USCIS to delay decision on his application pending policy guidance from the DHS Secretary. Although there is no compelling explanation regarding why the Secretary has not yet issued a policy, or when he might issue a policy, the court finds that an eight-month delay in issuing that policy is not presumptively unreasonable, and that Mr. Singh has not shown that the delay is unreasonable. Indeed, the record does not reveal any effort on Mr. Singh's part to inquire into the reasons for the Secretary's delay in issuing new policy guidance. Regardless of Mr. Singh's dissatisfaction with USCIS's processing of his petition over the past seven years, the current obstacle to adjudication is the DHS Secretary's delay in promulgating new policy.

---

[3] Mr. Singh's amended complaint (Dkt. # 28) raises two claims: that the court should reverse the denial of his application, and that the court should compel adjudication of his application. Mr. Singh raised both claims because he filed his amended complaint just as USCIS *sua sponte* vacated its denial of his application and placed his application on hold. No one disputes that the court has no jurisdiction to review the vacated denial of his application. However, given Defendants' actions to date, it is not unreasonable to expect that USCIS may deny his application again. The court has already considered and granted Mr. Singh's motion to amend his pleadings to include a claim based on denial of his application, and does not wish to repeat the exercise if Defendants change course again. The court therefore stays this action to the extent it asserts a claim based on denial of Mr. Singh's application, and will lift the stay on Mr. Singh's motion if Defendants deny his application again.

ORDER – 5

Examining the same "*TRAC* factors" that the court considered in *Amirparviz* and other cases leads to a different result in this case. First, as already noted, the court does not find it presumptively unreasonable either that USCIS has placed Mr. Singh's application on hold pending guidance from the DHS Secretary, or that DHS has not issued new guidance in more than eight months. The court is troubled by the absence of information regarding when the Secretary will issue guidance, but not enough to impose the extraordinary remedy of mandamus. Second, although the court notes the travel and work restrictions to which Mr. Singh is subject pending adjudication of his application, the court finds that they are not sufficiently onerous to support mandamus relief at this time. Third, there is no indication that Mr. Singh is being singled out for unfavorable treatment. As the court has noted, there is no evidence that USCIS adjudicated his petition unusually slowly after Congress lifted the numerical cap in 2005. *See supra* n.2. As to the current "hold" on his application, unlike previous cases before this court, in which the Government could offer only systemic reasons for delay in processing a particular application while other applications were adjudicated quickly, it appears that all applications that raise concerns about providing aid to terrorist organizations are subject to the same "hold" pending guidance from DHS.[4]

Although the court declines to award mandamus relief at this time, the court emphasizes that its decision today should not be interpreted as suggesting that Defendants may indefinitely delay a decision on Mr. Singh's application. Mr. Singh is free to pursue evidence regarding the reasons that the DHS Secretary has not issued new policy

---

[4] A detailed discussion of law surrounding the aid-to-terrorist-organizations provisions at issue in this case is beyond the scope of this order. Briefly, the court notes that 8 U.S.C. § 182(a)(3)(B) requires USCIS to deny admissibility to applicants who have provided aid to terrorist organizations. *See* 8 U.S.C. §§ 1182(a)(3)(B)(vi)(III) (defining undesignated terrorist organization), 1182(a)(3)(B)(iv)(VI) (defining "material support" to terrorist organization). Statutory changes in late 2007 gave the DHS Secretary "unreviewable discretion" to provide exemptions to this requirement for certain undesignated terrorist organizations. 8 U.S.C. § 1182(d)(3)(B)(i). The March 2008 memo directed USCIS to withhold adjudication of applications that might benefit from any exemption policy that the Secretary implemented. There is no dispute that Damdami Taksal is, at best, an undesignated terrorist organization, and that Mr. Singh might benefit from an exemption.

ORDER – 6

guidance. Moreover, although the court is willing to accept Mr. Heinauer's vague assertions that DHS is working diligently to issue new policy guidance at this stage of delay, the court will be less accepting of such nebulous assertions as time passes. Mr. Singh is free to move for mandamus relief again if he presents evidence showing that the Secretary's delay is unreasonable, that USCIS's decision to await guidance from the Secretary is mere pretext, or that Defendants' assertions of diligence in developing policy guidance are unfounded.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Mr. Singh's motion (Dkt. # 33), DENIES Defendants' motion (Dkt. # 34) to the extent it seeks dismissal of this action for lack of subject matter jurisdiction and to the extent it seeks dispositive relief, and GRANTS that motion to the extent it request that the court not award mandamus relief at this time. The court's ruling is without prejudice to Mr. Singh renewing his motion for mandamus relief under the circumstances the court described above.

DATED this 3rd day of December, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 7